IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| TAMMY PHELPS | : | CIVIL ACTION NO.: |
| | : | |
| VERSUS | : | JUDGE: |
| | : | |
| CALUMET LUBRICANTS CO., LP | : | MAGISTRATE JUDGE: |
| | : | JURY DEMAND |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes TAMMY PHELPS ("Plaintiff"), who respectfully represents the following:

### I. JURISDICTION

1. This is an action for declaratory, injunctive and monetary relief for discrimination and retaliation in employment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. Section 2000e *et seq*. Jurisdiction is based on 42 U.S.C. Section 2000e-5(f)(3) and 28 U.S.C. Section 1331 and supplemental jurisdiction under 28 U.S.C. Section 1332.

### II. PARTIES

2. Plaintiff, Tammy Phelps, is an adult, African-American, female citizen of the United States and the State of Louisiana. She is domiciled in Shreveport, Caddo Parish, Louisiana.

3. Made Defendant in this action is Calumet Lubricants Co., LP, whose agent for service of process is CT Corporation System, 5615 Corporate Blvd, Ste 400B, Baton Rouge, LA 70808.

4. At all times referred to in this Complaint, Defendant was engaged in an industry affecting commerce.

5. Defendant was Plaintiff's "employer" within the meaning of Title VII and applicable state law.

### III. FACTUAL ALLEGATIONS

6. Plaintiff was employed by Defendant from December 2014 until July 3, 2015 in the position of Billing Supervisor.

7. Plaintiff was subjected to continued racial discrimination. She was the only black female supervisor in the Billing Department.

8. Plaintiff did not receive any official training for the billing supervisory position.

9. After the start of Plaintiff's employment with the Defendant, she received a total lack of respect from the employees under her supervision, as Plaintiff's manager, Ms. Kayla Windham ("Ms. Windham") allowed staff to circumvent Plaintiff's authority and treated her in the same manner herself, constantly undermining her. Ms. Windham's conduct was motivated by Plaintiff's race and/or because of her complaints of race discrimination.

10. On March 5, 2015, Ms. Windham assigned Plaintiff duties of a Billing Clerk, essentially a demotion.

11. Contrary to Defendant's own policy of first giving a verbal notice to its employees, on May 8, 2015, Plaintiff received a Written Warning. Plaintiff disagreed with it and voiced her opposition that the same had been given due to racial discrimination and harassment.

12. On May 14, 2015, Plaintiff complained to the Human Resources Manager, Sarah Ellis ("Ms. Ellis") regarding the discriminatory conduct and presented her rebuttal to the Written Warning. Despite assurances that an adequate investigation would be conducted and that relief would be provided, Plaintiff continued to be subjected to racially discriminatory conduct.

13. As a result, Plaintiff complained again about the discriminatory and retaliatory

conduct to Ms. Ellis on June 3, 2015.

14. On June 10, 2015, Plaintiff met with the company attorney Mr. David Swider, and Plaintiff requested, once again, that prompt remedial relief be provided.

15. On July 3, 2015, Plaintiff was called into a meeting with Ms. Ellis, who told her that her employment was terminated because she was not a "good fit."

## IV. ADMINISTRATIVE PREREQUISITES

16. Plaintiff timely filed a charges of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Notices of Right to Sue on August 3, 2015. Plaintiff has complied with all administrative prerequisites for filing this suit.

## V. CAUSES OF ACTION

17. The actions, conduct and practices of Defendant complained of herein constitute purposeful discrimination against Plaintiff based upon her race and/or retaliation for her complaints regarding said purposeful discrimination in violation of 42 U.S.C. §§2000e, *et seq*, La. R.S. 23:301, *et seq*; La. R.S. 51:2256 and La. R.S. 23:967.

18. Defendant's actions constitute a tort under Louisiana Civil Code Art. 2315.

19. Defendant's actions constituted intentional infliction of emotional distress in that said actions were extreme and outrageous, resulting in severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from its conduct.

20. Defendant is liable for the actions of its agents, managers, and its other employees complained of herein, under the doctrine of respondent superior because said action were within the course and scope of employment and because tangible employment action occurred.

21. The Defendant's actions complained of herein were performed with malice or reckless indifference to and in knowing violation or reckless disregard of Plaintiff's federally protected rights.

22. Plaintiff has no adequate remedy at law for the harm she has suffered as a result of the discriminatory practices of Defendant set forth herein.

## VI. JURY TRIAL DEMANDED

20. Plaintiff demands a trial by jury as to all matters permitted by law.

## VII. RELIEF

WHEREFORE, PLAINTIFF PRAYS:

(A) That the Court declare the employment practices of which complaint is made to be in violation of 42 U.S.C. §2000e *et. seq*; La. R.S. 23:301, *et. seq*.; La. R.S. 51:2256 and La. R.S. 23:967, and otherwise inculpatory and illegal;

(B) That the Court order Defendant to cease the discriminatory/retaliatory practices enumerated herein and enjoin Defendant from engaging in further discrimination/retaliation against Plaintiff because of her race or her opposition to said discrimination;

(C) That the Court find that Defendant is responsible to the tortiuous acts committed against plaintiff;

(D) That the Court order Defendant to rehire Plaintiff or alternatively award front pay in amounts to be determined by the jury;

(E) That Plaintiff be awarded back pay, including prejudgment interest, and any other benefits or seniority to which she may have been entitled or which she may have lost as a result of the discrimination against her;

(F) That Plaintiff be awarded compensatory damages pursuant to 42 U.S.C. Section

1981a and applicable state law;

 (G) That Plaintiff be awarded the costs of this action, including attorneys' fees pursuant to 42 U.S.C. §2000e-5(k) and applicable state law;

 (H) That Plaintiff be awarded punitive damages pursuant to 42 U.S.C. Section 198la;

 (I) For trial by jury for those matters triable to a jury; and

 (J) That Plaintiff be awarded such other and further relief as the Court finds equitable, just and proper.

        Respectfully submitted,

        DAVIDSON, JONES & SUMMERS
        509 Market Street, Suite 1000
        Shreveport, LA 71101
        Telephone: (318) 424-4342
        Facsimile: (318) 226-0168

        Allison A. Jones, Bar No. 16990

        By: _/s/ Allison A. Jones_

        ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| TAMMY PHELPS | : | CIVIL ACTION NO.: |
| | : | |
| VERSUS | : | JUDGE: |
| | : | |
| CALUMET LUBRICANTS CO., LP | : | MAGISTRATE JUDGE: |
| | : | JURY DEMAND |

## VERIFICATION

BEFORE ME, the undersigned Notary Public, personally came and appeared Tammy Phelps, who did depose and state that she is the Plaintiff in the foregoing Complaint, that she has read the Complaint, and that all of the allegations contained therein are true and correct to the best of her knowledge, information and belief.

_____
TAMMY PHELPS

SWORN TO AND SUBSCRIBED before me, Notary Public, this 16th day of ~~October~~, 2015.

_____
NOTARY PUBLIC