UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **TAMMY PHELPS** | **CIVIL ACTION NO. 15-2625** |
| **VERSUS** | **JUDGE ELIZABETH ERNY FOOTE** |
| **CALUMET LUBRICANTS CO., LP** | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM ORDER

Now before the Court is the Partial Motion To Dismiss filed by Defendant Calumet Lubricants Co., LP ("Calumet"). Record Document 4. Calumet seeks to dismiss Plaintiff Tammy Phelps' ("Phelps") race discrimination claims, state law whistleblower claim, conspiracy claim, tort claim that Calumet characterizes as a "negligence" claim, and intentional infliction of emotional distress ("IIED") claim. Id. Calumet argues that these claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for a failure to state a claim upon which relief may be granted. Id. Calumet's motion is **GRANTED IN PART** and **DENIED IN PART**. Phelps' racial discrimination, whistleblower, conspiracy, and IIED claims are **DISMISSED** because the Court finds that Phelps has failed to set forth sufficient facts to satisfy the plausibility standard of Rule 12(b)(6). Calumet's motion is **DENIED** in all other respects.

**I.    Factual and Procedure Background**

Phelps, an African-American, states that she was an employee at Calumet from December 2014 until July 3, 2015. Record Document 13, p. 2. Phelps reports that "she

received a total lack of respect from the employees under her supervision" as a "Billing Supervisor."[1]  Id.  Phelps states that on March 5, 2015, her duties were restructured to those "of a Billing Clerk, essentially a demotion." Id.  On May 8, 2015, Phelps received a written warning.[2] Id.  Phelps states that after the written warning she voiced her opposition to the same and to the restructuring of her job duties on the grounds that those actions were motivated by racial discrimination and harassment.[3] Id.  On May 14, 2015, Phelps complained to Calumet's Human Resources Manager regarding the warning and restructuring of duties.  Id.  Phelps voiced the same complaints again on June 3, 2015.  Id.  On June 10, 2015, Phelps met with the attorney for Calumet, David Swider ("Swider"), to request "prompt remedial relief." Id. at 3.  On July 3, 2015, Phelps met with Swider, Sarah Ellis ("Ellis"), and "other members of management," who informed her that she was terminated because she was not a good fit.  Id.

Phelps brought this suit on November 3, 2015, seeking declaratory, injunctive, and monetary relief for alleged discrimination and retaliation by Calumet in violation of Title VII of the Civil Rights Act of 1964, a breach of Louisiana's whistleblower protections, a tort under Louisiana Civil Code article 2315, and for IIED.  Record Document 1.  Calumet filed the instant Partial Motion To Dismiss on January 29, 2016.  Record Document 4.  Phelps filed a memorandum in opposition to that motion on

---

[1] Phelps has not tied this alleged fact to any particular cause of action pursued by her.

[2] Phelps did not inform the Court of the subject matter of the written warning she received.

[3] It is not clear whether Phelps' vocal opposition was to Calumet's Human Resources Manager on May 14, 2015, on a different date, or to another individual.

February 29, 2016. Record Document 10. On March 3, 2016, Phelps filed her First Amended Complaint with consent from Calumet and permission from the Court. Record Document 13. Calumet chose not to reply to Phelps' memorandum in opposition to Calumet's Partial Motion To Dismiss. The Court notes that, as is explained below in more detail, Phelps' First Amended Complaint [Record Document 13] has not resolved the contentions presented by Calumet's motion [Record Document 4]. Accordingly, Calumet's motion is not moot and remains pending before this Court. The Court further notes that the factual sufficiency of Phelps' claims will be determined by an examination of Phelps' First Amended Complaint [Record Document 13] alone, the original complaint no longer performing any function. See 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed.) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case.").

**II.    Law and Analysis**

    A.    Legal Standard

In order to survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. The court must accept as true all of the factual allegations in the complaint in

determining whether plaintiff has stated a plausible claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2009). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

  B. <u>Title VII and State Law Racial Discrimination Claims</u>

Calumet states that Phelps has failed to allege sufficient facts to support a prima facie case of discrimination under Title VII or Louisiana state law because Phelps has not alleged facts which indicate "she was terminated, or suffered any adverse employment action, because of her race." Record Document 4-1, p. 3. To establish a prima facie case of discrimination under Title VII, a plaintiff must prove that "the plaintiff (i) belongs to a protected class; (ii) is qualified for the position at issue; (iii) was subject to an adverse employment action; and (iv) was treated less favorably than other similarly situated employees outside of his class." Thompson v. City of Waco, 764 F.3d 500, 507 (5th Cir. 2014). Courts utilize the same analysis for determining whether a discrimination claim has been sufficiently pled under Louisiana law. See Plummer v. Marriott Corp., 94-2025, pp. 6–7 (La. App. 4 Cir. 4/26/95); 654 So. 2d 843, 848. If Phelps has failed to allege sufficient facts to present a facially plausible claim for discrimination under Title VII or Louisiana law, then her discrimination claims must be dismissed.

Calumet challenges Phelps' discrimination claim on the grounds that she has not pled sufficient facts to support a finding that an adverse employment action was made

against her. Record Document 4-1, pp. 2–3. Phelps claims that an adverse employment action occurred when she was assigned duties she associates with those of a billing clerk even though her job title was that of a "Billing Supervisor." Record Document 13, p. 2. The Supreme Court has explained that "[w]hether a particular reassignment is materially adverse depends upon the circumstances of the particular case, and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 71 (2006) (internal quotations omitted). A demotion may constitute discrimination capable of supporting a Title VII claim when the new position "proves objectively worse—such as being less prestigious or less interesting or providing less room for advancement," even though the employment action does "not result in a decrease in pay, title, or grade . . . ." Thompson, 764 F.3d at 503 (internal quotations omitted).

Phelps states that she suffered an adverse employment action because her duties were restructured to those "of a Billing Clerk, essentially a demotion . . . [stripping] Plaintiff of the integral and material responsibilities of a Billing Supervisor." Record Document 13, p. 2. It is not readily apparent for what duties Phelps understands a billing supervisor or billing clerk to be responsible. Her conclusory allegation that she was functionally demoted because of an assignment of duties she associates with the role of a billing clerk does not, without more specificity, "state a claim to relief that is plausible on its face." Ashcroft, 556 U.S. at 678. If Phelps had

alleged in some detail how her responsibilities were curtailed, demonstrated the significance of some change in her responsibilities, articulated a change in working hours or pay, or pled other specific facts as to a harm she suffered, Phelps may have pled a plausible adverse employment action. See, e.g., Schirle v. Sokudo USA, LLC, 484 F. App'x. 893, 898–99 (5th Cir. 2012) ("loss of European sales responsibilities"); Thompson, 764 F.3d at 505 ("He alleges facts that, taken as true, plausibly suggest that . . . the Department rewrote and restricted his job description to such an extent that . . . he can no longer "detect"—that is, search for evidence—without supervision . . . log evidence, be the affiant in a criminal case, work undercover, be the evidence officer at a crime scene, or be the lead investigator on an investigation."); Forsyth v. City of Dallas, Tex., 91 F.3d 769, 774 (5th Cir. 1996) (finding demotions in reassignment from the Intelligence Unit to night patrol because the Intelligence Unit positions "were more prestigious, had better working hours, and were more interesting than night patrol" and "few officers voluntarily transferred from the Intelligence Unit to night patrol and other officers had been so transferred as punishment."). Instead, Phelps pleads conclusions without any specific facts that support a plausible claim that she suffered an adverse employment action. Phelps' conclusions alone are not enough. See Papasan, 478 U.S. at 286. Accordingly, Phelps' discrimination claims must be dismissed. As detailed below, Phelps will be permitted to amend her complaint to state sufficient facts to support a plausible discrimination claim.

C. <u>Whistleblower Claim under Louisiana Revised Statute § 23:967</u>

Louisiana law requires that an employer not "take reprisal against an employee who in good faith, after advising the employer of the violation of law," either: (1) discloses or threatens the disclosure of an employer's act/practice that violates state law; (2) provides information to or testifies before a public body investigating, pursuing an inquiry, or conducting a hearing into any violation of law; or (3) "objects to or refuses to participate in an employment act or practice that is in violation of law." La. R.S. § 23:967(A). Calumet states that Phelps does not allege that she suffered reprisal for one of the three protected employee practices listed above. Record Document 4-1, p. 4. Phelps responds that her complaint alleges that she was terminated for complaining about Calument's racial discrimination against her. Record Document 10.

To state a claim under § 23:967 and survive a motion under Rule 12(b)(6), Phelps must plead facts sufficient to allow the Court to reasonably infer that five elements exist: "1) a workplace act or practice violates state law, 2) the employee informed his employer of the violation of state law, 3) the employee disclosed or threatened to disclose the violation, 4) the employee suffered an adverse employment action, and 5) the adverse employment action was suffered as a result of his whistleblowing activity." <u>Herster v. Bd. of Supervisors</u>, 72 F. Supp. 3d 627, 647 (M.D. La. 2014) (internal citations omitted). <u>See also</u> <u>Hale v. Touro Infirmary</u>, 2004-0003, p. 10 (La. App. 4 Cir. 11/3/04); 886 So. 2d 1210, 1216. As stated in the previous section, Phelps has not pled sufficient facts to make a facially plausible showing that Calumet

violated state law through an act or practice of discrimination prior to her termination. Additionally, Phelps has not alleged another act or practice of Calumet that may have violated state law and that Phelps threatened to disclose. Because sufficient facts of an underlying violation of state law do not appear in Phelps' filings with this Court, her claim brought under § 23:967 must be dismissed for failure to state a claim upon which relief can be granted. As detailed below, Phelps will be permitted to amend her complaint to state sufficient facts to support a plausible state law whistleblower claim.

D.  Conspiracy Claim under Louisiana Revised Statute § 51:2256

Calumet seeks dismissal of the conspiracy claim brought by Phelps under Louisiana Revised Statute § 51:2256 on the grounds that Phelps has not alleged sufficient facts to present a plausible conspiracy claim because Phelps has not alleged that any conspiracy has taken place. Record Document 4-1, pp. 5–6. Phelps has since amended her complaint. Record Document 13. Phelps now alleges that she was terminated by Ellis at a meeting between Phelps and Ellis after Ellis, Swider, and "other members of management" conspired together to retaliate against Phelps. Id. at 3.

Under § 51:2256, employers may not conspire "[t]o retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by . . . Chapter 3-A of Title 23 [titled "Louisiana Employment Discrimination Law"] . . . ." La. R.S. § 51:2256(1). Black's Law Dictionary defines "conspiracy" as "[a]n agreement by two or more persons to commit an unlawful act, coupled with an intent to achieve the agreement's objective, and (in most states) action or conduct that furthers the

agreement; a combination for an unlawful purpose." Conspiracy, Black's Law Dictionary (10th ed. 2014). Calumet has conceded that Phelps has stated a plausible claim for retaliatory discharge. Record Document 4-1, p. 1 n.1. However, Calumet contends that no facts have been pled that support the existence of a conspiracy. Id. at 5–6.

To support the conspiracy element of her § 51:2256 claim, Phelps states that "Plaintiff was called into a meeting with Ms. Ellis, who, after conspiring with Mr. Swider and other members of management, told her that her employment was terminated because she was not a 'good fit.'" Record Document 13, p. 3. Phelps has concluded that Ellis and Swider conspired together to retaliate against her, but does not support that conspiracy claim with any factual allegations. No pled facts support a finding that there was an agreement reached between two or more persons regarding retaliation against Phelps or that two or more persons had the common intent to retaliate against Phelps. Phelps' conclusion that Ellis, Swider, and other members of management conspired together to retaliate against Phelps is unsupported by the facts Phelps has pled and alone is not enough to support a plausible conspiracy claim. Because sufficient facts to support a plausible conspiracy claim have not been pled by Phelps, her claim brought under § 51:2256 must be dismissed for failure to state a claim upon which relief can be granted. As detailed below, Phelps will be permitted to amend her complaint to state sufficient facts to support a plausible claim under § 51:2256.

E.  <u>Negligence under Louisiana Civil Code article 2315</u>

Calumet seeks to dismiss what it interprets as a negligence cause of action in Phelps' original complaint. See Record Documents 4-1, p. 5; 1, p. 3. Phelps states in her memorandum opposing Calumet's Motion To Dismiss "that she has not alleged any claims of negligence." Record Document 10, p. 13 n.7. Calumet appears to have simply assumed that Phelps' claim brought under Louisiana Civil Code article 2315 was a negligence cause of action. However, a claim brought under Louisiana Civil Code article 2315 may be for negligence <u>or</u> for intentional conduct. See <u>Zimmerman v. Progressive Sec. Ins. Co</u>, 49,982, p. 5 (La. App. 2 Cir. 8/12/15); 174 So. 3d 1230, 1235 ("Under [Louisiana Civil Code article 2315], an individual is entitled to recover the damages he sustains as a result of another's fault . . . namely, negligence or intentional misconduct.") (internal quotations omitted). Calumet is correct that the facts as alleged by Phelps do not support the elements of a negligence cause of action. However, because it is apparent that no negligence claim was brought by Phelps, this Court finds that there is no negligence cause of action now before the Court that the Court may dismiss.

F.  <u>Intentional Infliction of Emotional Distress</u>

Phelps alleges that Calumet is liable for damages which arose from its infliction of emotional distress upon Phelps. Record Document 13, p. 3. Calumet seeks the dismissal of this claim on the grounds that Phelps has failed to allege sufficient facts to support any of the elements of such an action. Record Document 4-1, pp. 5–6. To

sufficiently plead an IIED claim, the claimant must show "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." White v. Monsanto Co., 585 So. 2d 1205, 1209 (La. 1991).

Conduct which could be understood to be "extreme and outrageous" must "be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Id. "Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Id. "Conduct which is merely tortuous or illegal does not rise to the level of being extreme and outrageous." Nicholas v. Allstate Ins. Co., 1999-2522, pp. 10–11 (La. 8/31/00); 765 So. 2d 1017, 1024–25.

Phelps has made no factual allegations which would allow the Court to reasonably infer that Calumet's conduct was "extreme and outrageous." Additionally, no factual allegations made by Phelps indicate that she suffered severe emotional distress or that Calumet either had a desire to inflict severe emotional distress upon her or knew that such would be substantially certain to result. What Phelps has done is simply to provide a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements . . . ." Iqbal, 556 U.S. at 678. Because Phelps has failed to allege sufficient facts to allow this Court to draw a reasonable inference that Calumet is liable for intentional infliction of emotional distress, Phelps'

IIED claim must be dismissed. As detailed below, Phelps will be permitted to amend her complaint to state sufficient facts to support a plausible intentional infliction of emotional distress claim.

### III. Conclusion

For the reasons stated above, Calumet's motion is **GRANTED IN PART** and **DENIED IN PART**. Phelps' racial discrimination, whistleblower, conspiracy, and IIED claims are **DISMISSED** because the Court finds that Phelps has failed to set forth sufficient facts to satisfy the plausibility standard required under Federal Rule of Civil Procedure 12(b)(6). Calumet's motion is **DENIED** in all other respects. Phelps is **GRANTED** until the __14th__ of __October__, 2016 to amend her complaint to allege sufficient facts to support a reasonable inference that Calumet is liable for the racial discrimination, whistleblower, conspiracy, and IIED claims now dismissed. If Phelps fails to so amend, the claims presently dismissed are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this the __24th__ day of August, 2016.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE